UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:13-cr-00083-KJM |
| Plaintiff, | ORDER |
| v. | |
| Arthurton Warren, | |
| Defendant. | |

Defendant Arthurton Warren is facing five charges of violating his terms of supervised release. *See generally* Petition, ECF No. 46 (counts 1–3); Superseding Petition, ECF No. 57 (adding counts 4 & 5). Wanting to "place the charged violation conduct in context for the sentencing court," defendant requested that this court order the U.S. Probation Office to disclose a portion of his probation records. *See* First Request for Release at 2, ECF No. 52. After a hearing on his motion, the court denied his request in part and granted it in part. *See* Minutes, ECF No. 61. Specifically, the court ordered the U.S Probation Office to produce only "material evidence that supports the allegations" in the superseding petition. *Id.* The court denied any further release of probation documents "without prejudice to the defense's possible renewal following review of the documents to be provided." *Id.*

Defendant has renewed his request, seeking the written communication portion of his probation file for the entirety of his term of supervised release. *See generally* Second Request for

1

Release, ECF No. 63.  Specifically, defendant requests (1) copies of all electronic reports and other disclosures he submitted to the U.S. Probation Office, (2) any memorialization of directives or communications with or from the U.S. Probation Office, (3) copies of communications between the U.S. Probation Office and the "halfway house" regarding his supervision, and (4) text messages between him and his probation officer. *Id.* at 2.  Defendant does not suggest the requested written communications constitute "material evidence that supports the allegations" in the superseding petition.  Rather, defendant notes the "violation petition details probation's concerns that extend beyond the specific charges contained in the petition, and which the sentencing court may take into consideration at disposition proceedings." *Id.*  Thus, defendant argues the requested records are "critical to [his] ability to place the charged violation conduct in context for the sentencing court." *Id.*  This is the same rationale defendant offered, and the court rejected, in his initial request.  *See* First Request for Release at 2; Minutes *generally*, ECF No. 61.

       In resolving the pending request, the court has conducted an *in camera* review of the probation file.  Nothing in the file rises to the level of materiality in a manner so as to matter for dispositional purposes.  Moreover, the government does not intend to use anything in the requested discovery to prove the pending charges, *see* Opp'n at 2, ECF No. 64, and defendant offers no new reasons for his request now.  The court denies the request. *See United States v. Donaghe*, 924 F.2d 940, 944 (9th Cir. 1991) ("[F]ailure to allow a probationer to view his probation file prior to a revocation hearing violates neither Fed.R.Crim.P. 32.1(a)(2)(B) nor due process if the government does not use it as evidence against the probationer." (citing *United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989)).

       This order resolves ECF No. 63.

       IT IS SO ORDERED.

DATED: March 10, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE